Filed 2/19/26  In re T.C. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| In re T.C., a Person Coming Under the Juvenile Court Law. | C103076 |
| THE PEOPLE, <br><br>         Plaintiff and Respondent, <br><br>    v. <br><br> T.C., <br><br>         Defendant and Appellant. | (Super. Ct. No. JDSQ2300061) |

The juvenile court adjudged the minor T.C. a ward of the court (Welf. & Inst. Code, § 602)[1] after sustaining allegations that T.C committed robbery with a handgun. T.C. appeals arguing the juvenile court erred when it ordered him to pay $1,200 in victim restitution for the unrecovered, counterfeit "Rolex super clone" watch (the watch)

---

[1] Subsequent undesignated statutory references are to the Welfare and Institutions Code.

without allowing him to present evidence to dispute that amount at a restitution hearing (§ 730.6, subd. (b)(2)). The People concede the juvenile court erred in setting restitution without allowing T.C. an opportunity to challenge the amount. We agree with the parties. Accordingly, we will reverse the juvenile court's restitution award and remand the matter for a contested restitution hearing. Given this conclusion, we do not reach T.C.'s remaining argument challenging the juvenile court's methodology for setting the restitution award. We will otherwise affirm the judgment.

## I. BACKGROUND

In October 2023, the victim, O.D., listed a counterfeit Rolex watch for sale on Facebook Marketplace for $6,000. O.D. and an individual identified as "Ricky Garcia" on his online profile corresponded about the watch, ultimately agreeing to a sale price of $4,000. The two met at a public parking lot, and "Ricky Garcia" pulled a handgun on O.D., taking the watch without paying for it. The ensuing police investigation tied T.C. to the Ricky Garcia Facebook account, and O.D. identified T.C. as the assailant.

In July 2024, the People filed a wardship petition (§ 602) alleging T.C. committed robbery (Pen. Code, § 211) with the enhancing allegation that he used a firearm (Pen. Code, § 12022.53, subd. (b)). Following a contested jurisdictional hearing, the juvenile court sustained the allegations of the petition and found T.C. to be a ward of the court (§ 602). O.D. told authorities he purchased the watch for $1,200 but did not have any documentation of the purchase because it was a cash transaction for a counterfeit watch.

At the January 2025 disposition hearing, T.C.'s attorney asked the juvenile court to reserve the restitution award so that he could contest the requested $1,200 in victim restitution for the watch. Specifically, T.C. sought to introduce evidence of what other similar, counterfeit watches sold for online. The juvenile court denied that request and ordered $1,200 in victim restitution. T.C. timely appealed.

## II.  DISCUSSION

T.C. argues the juvenile court abused its discretion when it ordered $1,200 in victim restitution without allowing him the opportunity to challenge the propriety of that award as required by section 730.6, subdivision (b).  The People concede the error.  We agree that the juvenile court's restitution award must be reversed and the matter remanded for a restitution hearing.

Section 730.6, subdivision (a)(1) provides:  "It is the intent of the Legislature that a victim of conduct for which a minor is found to be a person described in Section 602 who incurs an economic loss as a result of the minor's conduct shall receive restitution directly from that minor."  For stolen property, the value "shall be the replacement cost of like property, or the actual cost of repairing the property, whichever is less."  (§ 730.6, subd. (b)(1)(A).)  Moreover, "[a] minor shall have the right to a hearing before a judge to dispute the determination of the amount of restitution."  (§ 730.6, subd. (b)(2).)  "This statutory directive is meant to afford the minor a reasonable opportunity to challenge the accuracy or validity of the victims' claimed losses.  It is a crucial part of the overall statutory scheme, necessary to satisfy due process, and ensure fundamental fairness in the determination of the restitution ultimately ordered."  (*In re Brittany L.* (2002) 99 Cal.App.4th 1381, 1391.)

Here, the juvenile court refused T.C.'s request for a restitution hearing wherein he could present evidence contesting the victim's statement to authorities and the probation department requesting $1,200 in restitution.  This was contrary to section 730.6, subdivision (b)(2)'s directive and thus an abuse of discretion.  (*In re S.E.* (2020) 46 Cal.App.5th 795, 804; *In re Brittany L., supra*, 99 Cal.App.4th at p. 1391.)  Accordingly, we must reverse the juvenile court's $1,200 restitution award and remand the matter for a contested restitution hearing wherein T.C. may present evidence concerning the replacement cost of the stolen watch to counter the victim's statement that he purchased the watch for $1,200.

# III.  DISPOSITION

The juvenile court's restitution order is reversed and the matter remanded for a contested restitution hearing consistent with this opinion.  The judgment is otherwise affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

ROBIE, Acting P. J.

/S/

_____

BOULWARE EURIE, J.